IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,950-01






EX PARTE KENT WILLIAM SPROUSE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 26,824CR IN THE 40
TH DISTRICT COURT


ELLIS COUNTY






 Keller, P.J., filed a dissenting opinion.


 Trial counsel asked for $3,500 to hire an expert; the trial court gave it to him. Counsel later asked
for an additional $12,000; the court gave him $8,000. Trial counsel says he had no reason to think that
another request would change the court's mind. But applicant claims that trial counsel's performance was
deficient because he failed to go back and ask the judge for the money that the judge had just refused to
give him. It seems a little harsh to suggest that an attorney fails in his duty to his client if, once he has
preserved error on an issue by making a request and receiving a ruling, he doesn't go back and badger the
trial court into reconsidering its ruling, but the Court remands on this ineffective assistance claim. 

 Applicant seems to claim that he needs more money now to find out whether there is any mitigating
evidence that trial counsel could have found if he had received more money before trial. There is a problem
with this claim, and the problem is that speculative allegations are inadequate on habeas. A habeas
petitioner seeking funds for investigation must state, "specific facts that suggest that a claim of possible merit
may exist." (1) Counsel has not done so, arguing instead that, had he been supplied with more funds on
habeas, a new mitigation specialist and an "addiction specialist" might have found some evidence that could
have been presented that the jury may have found to be mitigating. But he alleges no specific facts in
support of the claim that this would turn up anything new that a jury might find mitigating. 

 Of course, the difficulty in alleging "specific facts" is applicant's claim that the lack of money for
experts is the reason there are no "specific facts." But the way out of this circle of cause and effect is not
to allow a fishing expedition at this late date. The way out is to require applicant to give us some reason
to believe that the amount granted him by the trial court was inadequate. The trial court gave applicant
$11,500 for outside specialists. On its face, this seems like a reasonable amount for that purpose (to say
the least), and applicant has not provided any evidence to the contrary. In order for us to consider allowing
applicant a do-over at the habeas stage, by trying to discover some additional evidence that might be
mitigating, we ought to be supplied with specific facts that, if true, indicate that he was improperly denied
the ability to investigate at trial. 

 As always, the burden is on the applicant to plead and prove facts that would entitle him to relief. 
Because applicant has failed to carry this burden, I respectfully dissent.


Filed: June 27, 2007

Do not publish
1. Tex. Code Crim. Proc. Article 11.071 § 3(b)(2) (emphasis added).